UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>PRIME COMMS RETAIL, LLC,<br><br>    Defendant. | Case No. 21-cv-04338-SVK<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 11 |

Plaintiff Brian Whitaker brings this lawsuit under the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act, alleging that he encountered barriers during a May 2021 visit to an AT&T store in Milpitas, California, which is located on property owned by Defendant (the "Subject Property"). Dkt. 1 (Complaint) ¶¶ 2-3, 8. Plaintiff alleges that Defendant failed to provide wheelchair accessible tables at the Subject Property. *Id.* ¶¶ 10-14. The Parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 14. Now before the Court is Defendant's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 11. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable without oral argument. For the reasons that follow, the motion to dismiss is **DENIED.**

I.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the

plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## II. DISCUSSION

The Complaint in this case alleges that "AT&T provides tables to its customers but fails to provide any wheelchair accessible tables." Complaint ¶10. The Complaint further states that "[a] couple of problems that plaintiff encountered was the lack of sufficient knee or toe clearance under the tables for wheelchair users" and alleged that "Plaintiff believes that there are other features of the tables that likely fail to comply with the ADA Standards." *Id.* ¶¶ 12-13.

Defendant argues that Plaintiff's ADA claim should be dismissed because he has failed to plead sufficient facts to establish a claim for relief. Dkt. 11 at 5. Specifically, Defendant argues that Plaintiff "fails to allege with any specificity the manner in which he was discriminated against in [the] store, other than a general statement that no wheelchair accessible tables were provided and that the tables available lacked sufficient knee and toe clearance" and "fails to differentiate whether there was a lack of wheelchair accessible tables or whether wheelchair-accessible tables were simply inaccessible at the time of his visit." *Id.* at 7-8. In support of its argument, Defendant cites the Ninth Circuit's decision in *Whitaker v. Tesla*, which affirmed a district court's dismissal of an ADA claim. 985 F.3d 1173, 1177 (9th Cir. 2021). In that case, the Ninth Circuit held that the allegation that Tesla "failed to provide accessible service counters" did "little more than recite the elements of an ADA claim." *Id.* The court explained that without providing factual detail

2

1  such as whether the sales counters were too low, too high, or positioned in an area that was
2  inaccessible, "the district court and Tesla were left in the dark about how the service counters
3  denied Whitaker from full and equal enjoyment of the premises." *Id.*
4        Courts in this District have distinguished *Tesla* in ADA cases involving more detailed
5  allegations. For example, in *Johnson v. Fogo de Chao Churrascaria (San Jose) LLC*, the court
6  denied a motion to dismiss because, "in contrast" to *Tesla*, the plaintiff "alleges that 'one problem'
7  he encountered was 'the lack of sufficient knee or toe clearance' on the patio tables because of
8  their 'pedestal style' supports, which made it difficult for Plaintiff to pull under the table."
9  No. 21-cv-02859-BLF, 2021 WL 3913519, at *5 (N.D. Cal. Sep. 1, 2021) (citing complaint). The
10 court explained that "[t]his level of detail does not leave Defendant 'in the dark' about what part
11 of the Restaurant Plaintiff alleges does not comply with the ADA" and "Plaintiff need not provide
12 more detail, such as the knee clearance that he requires or how far away from the edge he prefers
13 sitting[], at this stage of the proceedings." *Id.* (citation omitted). Similarly, in *Whitaker v. Surf*
14 *and Turf, LLC*, a court in this District distinguished *Tesla* as resting on "a failure to identify any
15 particular deficiency beyond facilities that were not 'accessible.'" No. 21-cv-03100-JCS, 2021 WL
16 3427122, at *3 (N.D. Cal. Aug. 5, 2021). In *Surf and Turf*, the court found that an allegation that
17 "a problem that [plaintiff] encountered was the lack of sufficient knee or toe clearance under the
18 outside dining surfaces for wheelchair users" was sufficient to defeat a Rule 12(b)(6) motion. *Id.*
19       The allegations in this case, which state that the tables at the AT&T store lacked "sufficient
20 knee or toe clearance under the tables for wheelchair users" are nearly identical to allegations
21 found to be sufficient in *Fogo de Chao* and *Surf and Turf*. The Court agrees with the courts in
22 those cases that such allegations, which must be accepted as true on a motion to dismiss, meet the
23 minimal pleading standards at this stage of the litigation. Accordingly, Defendant's motion to
24 dismiss the ADA claim is **DENIED.** Because the ADA claim will proceed, the Court also
25 **DENIES** Defendant's request, on various grounds, that the Court decline to exercise supplemental
26 jurisdiction over Plaintiff's Unruh Act claim.
27 ////
28 ////

3

## III. CONCLUSION

For the foregoing reasons, the motion to dismiss is **DENIED.**

**SO ORDERED.**

Dated: October 12, 2021

SUSAN VAN KEULEN
United States Magistrate Judge